Nicholas J. Rogers, Respondent, *v.* Angelo Germano et al., Appellants.

Argued November 22, 1949; decided December 29, 1949.

*Pasquale P. Yannella* for appellants. I. Plaintiff's predecessor in title, by the execution and delivery of the deed to defendants, extinguished the eight-foot right of way and reserved a four-foot right of way over the premises of defendants. (*Blackman* v. *Striker,* 142 N. Y. 555; *Myers* v. *Bell Tel. Co.,* 83 App. Div. 623; *Matter of Kearney* v. *Griffith,* 187 Misc. 13; *City Club of Auburn* v. *McGeer,* 198 N. Y. 609; *Beardslee* v. *New Berlin Light & Power Co.,* 207 N. Y. 34; *Treadwell* v. *Inslee,* 120 N. Y. 458; *Grafton* v. *Moir,* 130 N. Y. 465; *Mitchell* v. *Reid,* 192 N. Y. 255; *People ex rel. Standard Gas Light Co.* v. *Cantor,* 120 Misc. 183; *Naccash* v. *Hildansid Realty Corp.,* 140 Misc. 730; *Stoutenburg* v. *Stoutenburg,* 176 Misc. 430; *Cartwright* v. *Maplesden,* 53 N. Y. 622; *Snell* v. *Levitt,* 110 N. Y. 595; *Roby* v. *New York Central & H. R. R. R. Co.,* 142 N. Y. 176.) II. Plaintiff, having failed to show by a fair preponderance of the credible testimony that he was seized or possessed of the said right of way for and during the statutory period of fifteen years, is not entitled to the relief sought. (*Klin Co.* v. *New York R. T. Corp.,* 271 N. Y. 376; *City of New York* v. *Coney Island Fire Dept.,* 259 App. Div. 286; *Vanton Corp.* v. *New York R. T. Corp.,* 277 N. Y. 93; *Van Roo* v. *Van Roo,* 268 App. Div. 170.) III. Defendants are the owners by adverse possession of the eight-foot driveway. (*Woodruff* v. *Paddock,* 130 N. Y. 618; *Hennessy* v. *Murdock,* 137 N. Y. 317; *Snell* v. *Levitt,* 110 N. Y. 595.)

*Cornelius J. McCarthy* for respondent. I. The deed dated October 3, 1931, from Helen G. Stephens to appellants did not extinguish the existing eight-foot right of way. (*Blackman* v. *Striker,* 142 N. Y. 555; *Tuscarora Club* v. *Brown,* 215 N. Y. 543; *Houghtaling* v. *Stoothoff,* 170 Misc. 773, 259 App. Div. 854; *Bridger* v. *Pierson,* 45 N. Y. 601; *Walrath* v. *Redfield,* 18 N. Y. 457.) II. The deed dated May 27, 1932, from Michael Burke to appellants did not extinguish the eight-foot right of way. (*Bridger* v. *Pierson,* 45 N. Y. 601; *Peck* v. *Mallams,* 10 N. Y. 509; *Case* v. *Dexter,* 106 N. Y. 548; *Mittnacht* v. *Montana,* 205 App. Div. 643; *Snell* v. *Levitt,* 110 N. Y. 595; *Roby* v. *New York Central & H. R. R. R. Co.,* 142 N. Y. 176; *Porter* v. *International Bridge Co.,* 200 N. Y. 234.) III. There has been no extinguishment of the eight-foot right of way created by deed dated 1886 from Hiram Dean to Hosea Rhodes either by adverse posses-

sion, abandonment, or estoppel. (*Trenton Banking Co.* v. *Duncan,* 86 N. Y. 221; *New York Rubber Co.* v. *Rothery,* 107 N. Y. 310; *Viele* v. *Judson,* 82 N. Y. 32; *Lyon* v. *Morgan,* 143 N. Y. 505; *York Mtge. Corp.* v. *Clotar Constr. Corp.,* 254 N. Y. 128; *Aerated Products Co.* v. *Godfrey,* 290 N. Y. 92.)

*Per Curiam.* Prior to 1932, plaintiff's predecessor, Michael Burke, owned a right of way eight feet in width across the western end of defendants' property, which lay between his lot and a street to the north. In that year Burke conveyed to defendants a narrow strip of land along the northern boundary of his lot and running the full length of both lots, and reserved therefrom only " a right of way over a strip of land four feet in width across the lands hereby conveyed ". Burke then told defendants that he had retained four feet so that " they can get in and out to get the garbage " from his building. Upon the finding of the Appellate Division, which has substantial support in the record, that Burke thereby retained a right of way only four feet wide across a portion of defendants' land, he must be held to have indicated unequivocally his intent to forego future use of the prior easement save as a footpath. Burke thus abandoned his right of way insofar as it exceeded four feet in width. (See *Porter* v. *International Bridge Co.,* 200 N. Y. 234, 248–249.)

Plaintiff, who purchased his property from Burke's estate in 1937, could have acquired no more than an easement four feet wide across defendants' land. Since defendants' building does not encroach upon that easement, there is no occasion for equitable relief.

The judgments should be reversed, and the complaint dismissed, with costs in all courts.

DESMOND, J. (dissenting). When defendants became the owner of the corner, or northerly, lot in 1931, that lot was subject to an easement of record in favor of the adjoining premises on the south, later (1937) acquired by plaintiff, which easement was for the use by the southerly premises of an eight-foot wide strip across the westerly end of the northerly, or corner, lot. In 1932, between the time of the acquisition by defendants of the northerly lot and the acquisition by plaintiff of the southerly lot, the then owner of the latter conveyed to defendants

a strip of undetermined size, lying between the two lots but reserved from that strip an easement four feet wide, over the strip. When the grantor in the deed last above mentioned conveyed the southerly lot to plaintiff in 1937, the conveyance expressly included the (eight-foot) right of way across the corner lot, described in the first sentence hereof. There is no evidence of any sort that the grantor in the 1932 deed (of the parcel of undetermined size lying between the two lots) intended by reserving a four-foot right of way only over that strip of undetermined size, to abandon or extinguish, or in any way affect, the already existing eight-foot easement over the corner lot. The only possible bases for a claim of abandonment of the eight-foot easement are a supposed inconsistency between a four-foot easement over one strip and an eight-foot easement over the adjoining strip, also a remark by the 1932 grantor, that he was reserving the four-foot way " to get the garbage out." Those matters, at most, could no more than raise a question of fact as to whether there ever was any intention to destroy the eight-foot easement, or reduce it to four feet. The fact that in the latest deed (to plaintiff) the existing eight-foot easement was specifically conveyed, is certainly strong evidence against the idea of any abandonment thereof. In any event both courts below made findings to the effect that there never was any such extinguishment or abandonment, and we are bound by those findings.

The judgment should be affirmed, with costs.

LOUGHRAN, Ch. J., LEWIS, FULD and BROMLEY, JJ., concur in *Per Curiam* opinion; DESMOND, J., dissents in separate opinion in which CONWAY and DYE, JJ., concur.

Judgments reversed, etc.